THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OMEGA HEALTHCARE INVESTORS, INC., )
)
)
*Plaintiff*, )
v. )
)
APEX CONSTRUCTION MANAGEMENT, )
LLC, JOSHUA RAY, SAM TURK, and )
SAMUEL GOLDNER, )
)
*Defendants*. )
)

No. 25 C 7356

Chief Judge Virginia M. Kendall

OPINION AND ORDER

Before the Court is Plaintiff Omega Healthcare Investors, Inc.'s ("OHI") Motion to Transfer this case to the Bankruptcy Court for the Eastern District of New York, (Dkt. 3), and Defendant Apex Construction Management, LLC's ("Apex") competing Motion to Remand to the Circuit Court of Cook County, (Dkt. 18). For the reasons set forth below, Apex's Motion to Remand [18] is denied and OHI's Motion to Transfer [3] is granted.

BACKGROUND

OHI filed this action in Illinois state court against Apex, Joshua Ray, and Sam Turk on April 4, 2023, alleging breach of fiduciary duty, conversion, civil conspiracy, and constructive trust. (Dkt. 2 ¶ 5). Over the next fourteen months, OHI filed First and Second Amended Complaints, adding contract and quasi-contract claims along with one additional Defendant, Samuel Goldner. (*Id.* ¶¶ 6–7). OHI owns nursing and long-term care facilities, and leases those facilities to third-party operators. (Dkt. 25 at 3). The substance of this dispute involves eleven of these long-term care facilities, and a series of agreements and obligations between OHI, Apex, Goldner, and various Goldner-related entities pertaining to the construction and renovation of the

1

facilities. (*Id.* at 4; Dkt. 19 at 3). OHI alleges that Apex, Goldner, and the other named Defendants engaged in a conspiracy to steal OHI funds that were disbursed for the improvement projects, submitted false pay applications, and unjustly enriched themselves during the business relationship. (*See* Ex. C, Dkt. 2 at 58–59 ¶ 1 (Second Amended Complaint); Dkt. 19 at 3).

On March 10, 2025, Apex moved to dismiss OHI's Second Amended Complaint or, in the alternative, to add a necessary party affiliated with Samuel Goldner—Goldner Capital Management, LLC ("GCM"). (*See id.* ¶ 8; Dkt. 19 at 5). On the same day, Goldner filed a separate motion requesting that another one of his affiliated entities, SRZ Master Tenant, LLC ("SRZ"), also be declared a necessary party. (Dkt. 2 ¶ 9). After OHI filed its Second Amended Complaint, but before Apex and Goldner filed their respective motions, both GCM and SRZ filed Chapter 11 bankruptcy petitions in the Eastern District of New York. (*Id.* ¶ 10; Dkt. 18 at 2).[1]

On June 20, 2025, the Cook County Circuit Court ruled that GCM and SRZ were necessary parties to the lawsuit. (*See* Ex. G, Dkt. 2 at 143 ¶ 2). In so ruling, the court noted that GCM and SRZ were signatories to various agreements between the existing parties, and that the tortious conduct OHI alleged "occurred in furtherance of obligations under th[ose] various contracts and agreements." (*Id.*) Considering GCM's pending bankruptcy in the Eastern District of New York, the court stayed the matter pending bankruptcy, but allowed OHI leave to amend its complaint "to add the necessary parties . . . on or before July 18, 2025." (*Id.* at 143–44 ¶¶ 4–5).

Instead of filing an amended complaint in state court, OHI removed the action to this Court on June 30, 2025. (Dkt. 2). It argues the state court's finding that GCM and SRZ were necessary parties vested this Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) and that

---

[1] The Bankruptcy Court for the Eastern District of New York entered an order confirming a Chapter 11 Liquidation Plan as to GCM on August 25, 2025. (Dkt. 28-1 at 2). SRZ's bankruptcy case in that district remains pending. (*See* Dkt. 28 at 1).

a venue transfer to the Bankruptcy Court for the Eastern District of New York is now appropriate under 28 U.S.C. § 1404(a). (*See generally* Dkt. 2; Dkt. 3). OHI's logic is that the state court's finding that GCM and SRZ are necessary parties rendered the entire action as one "aris[ing] under a bankruptcy proceeding brought pursuant to title 11 of the federal bankruptcy laws," and that transfer is warranted because the Eastern District of New York is "the only venue in which this litigation may proceed as an adversary proceeding." (Dkt. 2 ¶ 13; Dkt. 3 ¶ 8).

Apex contends this Court must remand OHI's case to state court for want of subject matter jurisdiction. The crux of Apex's argument is that OHI skipped a "necessary step of actually naming [GCM and SRZ] in any operative pleading prior to removing this case." (Dkt. 19 at 5). Apex would have had OHI 1) seek relief from the automatic bankruptcy stay in the Eastern District of New York, 2) file a third amended complaint in state court naming GCM and SRZ as Defendants, and 3) then file its notice of removal and accompanying motion to transfer. (*Id.*) Interestingly, Apex does not contend that venue or jurisdiction is inappropriate in the Eastern District of New York for this entire controversy. It has even made representations in state court that "it is more than possible that the EDNY Bankruptcy Court could provide an appropriate forum to resolve the entire controversy among all parties here"; and "all parties could participate in the same suit in the EDNY Bankruptcy Court." (Dkt. 25 at 1–2; Ex. I at 9, 11).

The Court considers each motion in turn.

## DISCUSSION

### I.      Motion to Remand

OHI removed this case pursuant to 28 U.S.C. § 1452(a), which authorizes the removal of cases over which the district court has jurisdiction pursuant to 28 U.S.C. § 1334(b). Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all

civil proceedings arising under title 11, or arising in or related to cases under title 11." A civil action *arises under* title 11 when it involves claims that are "created or determined by a statutory provision of title 11." *In re Res. Tech. Corp.*, 2004 WL 419918, at *3 (N.D. Ill. 2004) (quoting *In re Wood*, 825 F.2d 90, 96 (5th Cir.1987)). A civil action *relates to* title 11 when it involves claims that "affect[] the amount of property available for distribution or the allocation among creditors." *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989). The court assesses its removal jurisdiction under the "well-pleaded complaint" rule, whereby removal will only be appropriate if the basis for subject matter jurisdiction appears from the face of plaintiff's complaint. *See Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 723 (7th Cir. 2017); *Yangming Marine Transp. Corp. v. Electri-Flex Co.*, 682 F. Supp. 368, 370 (N.D. Ill. 1987) ("There is no bankruptcy exception to the well-pleaded complaint rule.").

First, OHI's Second Amended Complaint is the operative pleading governing this case, and the one the Court assesses in considering its jurisdiction. To Apex's point, the bankruptcy debtors GCM and SRZ are not named Defendants in that Complaint, nor does OHI state any claims that are governed in any way by the Federal Bankruptcy Code; the Complaint instead states myriad Illinois tort and contract claims. (*See* Dkt. 19 at 8). It is thus not possible for the Court to conclude, as OHI urges, that this case arises under title 11 because, as pled, the claims are neither created nor determined by any statutory provisions in title 11. *In re Res. Tech. Corp.*, 2004 WL 419918, at *3; (*see* Dkt. 2 ¶ 13). But this is not the only possible jurisdictional basis set forth in § 1334(b).

Apex's own admissions illustrate how even OHI's Second Amended Complaint—without GCM and SRZ as named Defendants, and without any specific bankruptcy claims—constitutes a civil action that is "related to [a] case[] under title 11." 28 U.S.C. § 1334(b); (*see* Dkt. 19 at 7 ("At most, the claims in this action could be deemed to be 'related to' the chapter 11 cases of GCM and

4

SRZ Master Tenant.")). "Related to" jurisdiction is narrowly construed, and, typically, "damage

claims of one non-debtor against another are not matters over which" the court has bankruptcy

jurisdiction. *In re Federalpha Steel LLC*, 341 B.R. 872, 880 (Bankr. N.D. Ill. 2006). But this is not

the typical case. OHI has sued Apex for the overpayment of funds. And Apex has represented in

the state court proceeding that "if [it] is deemed liable to OHI" in the state court action, it "will

seek contribution and/or indemnification from GCM for any such liability." (*See* Ex. I, Dkt. 25 at

146). In other words, Apex's own litigation conduct has cast OHI's state court action as one that

presents claims "against the debtor"; and such claims are precisely those that "related to"

jurisdiction enables to be "determined in the same forum." *See In re FedPak Sys., Inc.*, 80 F.3d

207, 214 (7th Cir. 1996). While neither OHI nor Apex is a bankruptcy debtor, Apex has confirmed

that both are "listed as creditors in the GCM bankruptcy." (*Id.* at 147). The subject matter of OHI's

Second Amended Complaint is inextricably tied to the GCM and SRZ bankruptcy proceedings

insofar as its resolution would ultimately impact the allocation of the debtors' funds among their

creditors. *See In re Hearthside*, 391 B.R. 807, 813–14 (Bankr. N.D. Ill. 2008). That connection is

apparent from the face of OHI's Second Amended Complaint because the tortious scheme alleged

implicates contracts and obligations to which both bankruptcy debtors are parties. The Illinois state

court found as much when it determined that GCM and SRZ were indispensible parties to the

dispute. (*See* Ex. G, Dkt. 2 at 143–44). That OHI removed this case before formally naming the

debtors as parties is of no moment.

The Court has "related to" jurisdiction over the non-debtor claims. 28 U.S.C. § 1334(b).

As such, OHI's Motion to Remand based on lack of subject matter jurisdiction is denied. (Dkt.

18). Further, based on the reasons elaborated upon below, which weigh in favor of transferring

this case to the Bankruptcy Court for the Eastern District of New York, the Court declines to exercise its discretionary and equitable remand authority under 28 U.S.C. § 1452(b).

## II. Motion to Transfer

Having assured itself of its jurisdiction, the Court now turns to OHI's Motion to Transfer this case to the Bankruptcy Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a).[2] "[A] district court may transfer any civil action to any other district or division where it might have been brought" for 1) "the convenience of the parties and witnesses" and 2) "in the interest of justice." § 1404(a). "[Section 1404] permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Rsch. Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The moving party has the burden of establishing that "the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). The task of weighing these factors "is committed to the sound discretion of the trial judge." *Id.* at 219.

First, considering the Court's conclusion that this civil action relates to a case under title 11, venue is appropriate in the Eastern District of New York. Title 28 U.S.C. § 1409(a) provides that "a proceeding . . . related to a case under title 11 may be commenced in the district court in which such case is pending." Here, the district court in which such title 11 case is pending is the

---

[2] The Court denies Apex's "request" that the Court (1) address its motion to remand first and, (2) allow Apex 14 days to respond to the Motion to Transfer in the event its Motion to Remand is denied. (Dkt. 19 at 1–2 n.2). OHI filed its Motion to Transfer on June 30, 2025. (Dkt. 3). The Court entered a briefing schedule on that motion, requiring Apex to file a response by July 28, 2025. (Dkt. 16). Apex instead filed its now unsuccessful Motion to Remand and did not substantively respond to OHI's § 1404(a) arguments. (*See* Dkt. 18). That was its choice; and OHI has not cited to any authority suggesting it is now entitled to a renewed briefing schedule on the Motion to Transfer. Finally, as elaborated upon in this Opinion, Apex's representations make clear that it does not meaningfully contest the elements necessary for a § 1404 transfer.

Bankruptcy Court for the Eastern District of New York. Thus, § 1404(a)'s requirement that the transferee court be one where the case "might have been brought" has been met.

Second, the Eastern District of New York is the most convenient forum for this case to proceed. Apex has repeatedly conceded as much. (*See, e.g.*, Dkt. 19 at 13 ("The Apex Defendants do not contend that the EDNY Bankruptcy Court is an inconvenient forum."); Ex. I, Dkt. 25 at 147 ("[I]t is more than possible that the EDNY Bankruptcy Court could provide an appropriate forum to resolve the entire controversy among all parties here.)). The remaining convenience factors— including ease of access to proof, the convenience for the parties, and the situs of the events— favor transfer. For example, Defendant Samuel Goldner, who controls the debtor entities GCM and SRZ, along with those debtor entities themselves, are all New York residents. (Dkt. 3 ¶ 9). No other Defendant besides Apex has voiced opposition to OHI's proposed transfer. Plaintiff OHI's initial choice of forum (Illinois state court), which is ordinarily entitled to "substantial deference," does not weigh against transfer here considering OHI is the movant. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663–64 (7th Cir. 2003). And the mandatory stay in the SRZ bankruptcy plus the injunction barring litigation from proceeding against GCM, (*see* Dkt. 28), render the Eastern District of New York not only the most convenient forum, but the only forum where this matter might come to a resolution on the merits.

Third, a § 1404(a) transfer to the Eastern District of New York is in the interests of justice. This factor primarily relates to the "efficient administration of the court system" considering factors like "trying related litigation together, ensuring a speedy trial, and having a trial before a judge who is familiar with the applicable law." *Cent. States Se. & Sw. Areas Pension Plan v. Lakeville Transp., Inc.*, 2018 WL 11387190, at *4 (N.D. Ill. July 2, 2018). To quote Apex's own state court brief seeking GCM's joinder: "avoiding piecemeal and inefficient litigation is

particularly strong where pending bankruptcy court action can dispose of the entire controversy."
(*See* Ex. I, Dkt. 25 at 147). The Court agrees. Here, remanding to the state court would result in
unnecessary delay, piecemeal litigation, and further duplication of judicial resources. The same
results would follow from denying transfer and requiring the case to proceed in this Court. But
these adverse consequences are avoidable through a change in venue. The Bankruptcy Court for
the Eastern District of New York is best positioned to try these like cases together, ensure the
quickest resolution on the merits, and ward off inconsistent judgments involving the same
underlying assets.

Accordingly, OHI's Motion to Transfer to the Eastern District of New York [3] is granted.

## CONCLUSION

For the reasons set forth above, the Court denies Apex's Motion to Remand [18] and grants
OHI's Motion to Transfer [3]. This case is hereby transferred to the Bankruptcy Court for the
Eastern District of New York for further proceedings as that court sees fit. The Clerk of Court is
directed to transfer this case to the Bankruptcy Court for the Eastern District of New York.

_____
Virginia M. Kendall
United States District Judge

Date: October 30, 2025